IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CAROLYN DECHAINE,

    Plaintiff,

v.                                                                                                          No. 1:23-cv-01134

LIBERTY MUTUAL INSURANCE COMPANY,

    Defendant.

## LM'S ANSWER TO
## PLAINTIFF'S COMPLAINT

Defendant LM Insurance Corporation ("LM") (incorrectly identified as Liberty Mutual Insurance Company), by and through its attorneys, Riley | Keller | Alderete | Gonzales (Courtenay L. Keller and Taryn M. Kaselonis), submits its Answer to Plaintiff's *Original Complaint* filed on 10/20/23 in the First Judicial District Court, County of Santa Fe, State of New Mexico (No. D-101-CV-2023-02570) (Complaint) and removed to this Court on 12/20/23 as follows:

## RESPONSE TO ALLEGATIONS

This Defendant responds to the allegations in the Complaint as follows:

1. In response to paragraph 1, upon information and belief, this Defendant admits the address listed for its named insured on the policy at issue in this case is located in Santa Fe, Santa Fe County, New Mexico, but has insufficient information upon which to form a belief as to the truth of the remaining allegations, therefore, it is otherwise denied.

2. In response to paragraph 2, this Defendant admits it is a non-resident insurance

company authorized by the New Mexico Superintendent of Insurance to transact business in New Mexico. This paragraph is otherwise denied.

3. In response to paragraph 3, this Defendant admits the United States District Court for the District of New Mexico has jurisdiction over the parties and subject matter and that venue is proper in this District. This Defendant has insufficient information upon which to form a belief as to the truth of the remaining allegations stated in paragraph 3 and, therefore, denies same.

4. In response to paragraph 4, this Defendant admits the United States District Court for the District of New Mexico has jurisdiction over the parties and subject matter and that venue is proper in this District. This Defendant has insufficient information upon which to form a belief as to the truth of the remaining allegations stated in paragraph 4 and, therefore, denies same.

5. In response to paragraph 5, this Defendant admits it issued a homeowner's policy (No. H35-291-101013-70 0 4) to its named insureds Kristina McKeown and Carolyn Dechaine (The Policy). This Defendant states the Policy speaks for itself and denies all allegations in this paragraph to the extent they are inconsistent with the terms and conditions of The Policy. This Defendant further states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 5 and it is denied.

6. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 6 and it is denied.

7. In response to paragraph 7, this Defendant admits it investigated Plaintiff's loss. This Defendant denies the remaining allegations in paragraph 7.

8. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 8 and it is denied.

9. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 9 and it is denied.

10. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 10 and it is denied.

11. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant

has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 11 and it is denied.

12. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim.  Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 12 and it is denied.

13. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim.  Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 13 and it is denied.

14. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim.  Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 14 and it is denied.

15. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim.  Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 15 and it is denied.

16. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim.  Therefore, at this time, this Defendant

has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 16 and it is denied.

17. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 17 and it is denied.

18. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 18 and it is denied.

19. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 19 and it is denied.

20. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 20 and it is denied.

21. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant

has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 21 and it is denied.

22. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 22 and it is denied.

23. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 23 and it is denied.

24. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 24 and it is denied.

25. In response to paragraph 25, this Defendant admits it issued a homeowner's policy (No. H35-291-101013-70 0 4) to its named insureds Kristina McKeown and Carolyn Dechaine (The Policy). This Defendant states the Policy speaks for itself and denies all allegations in this paragraph to the extent they are inconsistent with the terms and conditions of The Policy. This Defendant further states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time,

this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 25 and it is denied.

26. In response to paragraph 26, this Defendant admits it issued a homeowner's policy (No. H35-291-101013-70 0 4) to its named insureds Kristina McKeown and Carolyn Dechaine (The Policy). This Defendant states the Policy speaks for itself and denies all allegations in this paragraph to the extent they are inconsistent with the terms and conditions of The Policy. This Defendant further states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 26 and it is denied.

27. This Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim. Therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of the allegations in paragraph 27 and it is denied.

28. In response to paragraph 28, this Defendant admits it issued a homeowner's policy (No. H35-291-101013-70 0 4) to its named insureds Kristina McKeown and Carolyn Dechaine (The Policy). This Defendant states the Policy speaks for itself and denies all allegations in this paragraph to the extent they are inconsistent with the terms and conditions of The Policy.

29. This Defendant denies the allegations in paragraph 29.

30. This Defendant denies the allegations in paragraph 30.

31. This Defendant denies the allegations in paragraph 31.

32. The assertions in paragraph 32 constitute legal conclusions to which this Defendant is not obligated to respond. This Defendant denies all assertions to the extent they are inconsistent with New Mexico law. To the extent the accuracy of Plaintiff's legal conclusion depends on factual assertions, this Defendant states discovery in this case may affect the outcome of its investigation and evaluation of Plaintiff's claim, and, therefore, at this time, this Defendant has insufficient information upon which to form a belief as to the truth of any factual allegations in this paragraph, therefore, it is denied. To the extent a further response is required, this paragraph is denied.

33. This Defendant denies the allegations in paragraph 33.

34. This Defendant denies the allegations in paragraph 34.

35. This Defendant denies the allegations in paragraph 35.

36. This Defendant denies the allegations in paragraph 36.

37. This Defendant denies the allegations in paragraph 37.

38. This Defendant denies the allegations in paragraph 38.

39. This Defendant denies the allegations in paragraph 39.

40. This Defendant denies the allegations in paragraph 40.

41. This Defendant denies the allegations in paragraph 41.

42. This Defendant denies the allegations in paragraph 42.

43. This Defendant denies the allegations in paragraph 43.

44. This Defendant denies the allegations in paragraph 44.

45. This Defendant denies the allegations in paragraph 45.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted and should, therefore, be dismissed with prejudice as a matter of law.

2. Plaintiff's claims are barred because LM fully performed and continues to perform its obligations under the contract of insurance applicable to the claims alleged herein.

3. Plaintiff's claims are barred because LM acted in good faith and dealt fairly with its insured at all times material to the claims alleged herein.

4. Plaintiff's claims are barred because LM acted reasonably under the circumstances in this case.

5. Plaintiff's claims are barred because LM's reasons for not paying the amount of policy benefits demanded by Plaintiff are reasonable under the terms of the applicable policy and are neither frivolous nor unfounded.

6. Liberty has complied with and fully performed all statutory and common law duties owed to Plaintiff under New Mexico law.

7. Plaintiff's claims for policy benefits and extra-contractual damages are barred because a genuine dispute exists between the parties regarding whether there is coverage for the claimed damages under the subject policy.

8. Plaintiff's claims are barred insofar as this Defendant breached no duty owed to Plaintiff.

9. Plaintiff's claims are barred in whole or in part to the extent Plaintiff suffered no injuries or damages caused by this Defendant's alleged acts or omissions.

10. Plaintiff's claims are barred insofar as she has failed to comply with her obligations under the terms and conditions of the applicable policy.

11. Plaintiff's claims for policy benefits and extra-contractual damages are barred insofar as she has failed to meet one or more conditions precedent under the applicable policy.

12. Plaintiff's claims may be barred by the terms, conditions, definitions, and/or exclusions contained in the applicable policy.

13. Plaintiff's claims are barred insofar as she seeks damages, costs, expenses, attorneys' fees, and interest under theories that are contrary to well-established New Mexico law.

14. Plaintiff's claims are barred or should be reduced insofar as they do not comport with applicable provisions of the New Mexico Insurance Code.

15. Plaintiff may be liable to LM under NMSA 1978, Section 59A-16-30 (A) if it is shown that Plaintiff knowingly brought a groundless action.

16. Plaintiff's claims for punitive and exemplary damages are barred by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and by the New Mexico Constitution insofar as those provisions prohibit the improper taking of property, cruel and unusual punishment, and denial of due process and equal protection of the laws.

17.Plaintiff's claims are barred under the doctrines of waiver and estoppel, accord and satisfaction, and unclean hands.

18.Plaintiff's claims may be barred by the applicable statute of limitations, statute of repose, and the doctrine of laches.

19.Plaintiff's damages may be barred or reduced to the extent she fails or has failed to mitigate her damages.

20.This Defendant has not knowingly or intentionally waived any applicable defense or claim in this matter and reserves the right to amend and/or supplement its pleading and/or its defenses as discovery proceeds and insofar as independent investigation, legal research, and analysis by counsel for this Defendant reveals additional facts, adds meaning to known facts, leads to entirely new factual conclusions and legal contentions.

Any allegation contained in the Complaint to which a sufficient response has not been made is hereby denied. Any allegation contained in the Complaint that went unanswered or is mis-numbered is hereby denied.

LM does not know which, if any, additional affirmative defenses may apply. LM has not knowingly or intentionally waived any affirmative defenses. LM reserves the right to amend its Answer, to assert cross-claims and/or counterclaims, and to adopt and assert any additional defense of which it may learn through discovery.

## **JURY DEMAND**

This Defendant hereby demands a 12-person jury.

WHEREFORE, Defendant LM Insurance Corporation, having responded to Plaintiff's Complaint in full, respectfully requests that the Court enter an order of dismissal with prejudice, award its costs and fees, and grant such other and further relief as may be just and proper.

Respectfully submitted:

**RILEY | KELLER | ALDERETE | GONZALES**

By: */s/ Taryn M. Kaselonis*
    **COURTENAY L. KELLER**
    **TARYN M. KASELONIS**
    3880 Osuna Road NE
    Albuquerque, NM  87109
    (505) 883-5030
    ckeller@rileynmlaw.com
    tkaselonis@rileynmlaw.com
    *Attorneys for LM Insurance Corporation*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 20th day of December, 2023, the foregoing was electronically filed through the CM/ECF filing system, causing counsel of record to be served by electronic means, and that a true and correct copy of the foregoing was also e-mailed on the same day to the following:

Scott Fuqua
FUQUA LAW & POLICY, P.C.
P.O. Box 32015
Santa Fe, NM  87594
scott@fuqualawpolicy.com

 */s/ Taryn M. Kaselonis*
**TARYN M. KASELONIS**