IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CAROLYN DECHAINE,

    Plaintiff,

v.                                                                            Case No. 1:23-cv-01134-KRS-LF

LIBERTY MUTUAL INSURANCE COMPANY,

    Defendant.

## ORDER DENYING MOTION TO EXTEND
## EXPERT WITNESS DISCLOSURE DEADLINE

    This matter comes before the Court on Plaintiff's Motion to Extend Expert Witness Disclosure Deadline, filed October 10, 2025. Doc. 92. Ms. Dechaine seeks a three-week extension of her deadline to make Phase 2 expert witness disclosures. Defendant opposes Ms. Dechaine's motion. Doc. 93. For the following reasons, the Court denies the motion.

    Following the Rule 16 Initial Discovery Conference on May 23, 2024, the Court set Ms. Dechaine's Phase 2 expert disclosure deadline to be Monday, December 2, 2024. Doc. 26 at 2. The scheduling order also made clear that "[a]ny request for an extension must be made prior to the expiration of the deadline." *Id.* at 3.

    The parties jointly moved on September 26, 2024, to extend multiple deadlines, including an extension of Ms. Dechaine's Phase 2 expert disclosure deadline to February 2, 2025. Doc. 33 at 1. The Court granted this extension. Doc. 34 at 1.

    The parties jointly moved on December 2, 2024, to extend multiple deadlines, including an extension of Ms. Dechaine's Phase 2 expert disclosure deadline to May 2, 2025. Doc. 44 at 1. The Court granted this extension. Doc. 45 at 1.

The parties jointly moved on January 30, 2025, to extend multiple deadlines, including an extension of Ms. Dechaine's Phase 2 expert disclosure deadline to August 8, 2025. Doc. 47 at 1. The Court denied this motion based on the extensive delays in conducting an inspection of Ms. Dechaine's home and the lack of explanation as to why the inspection still had not taken place, despite representations that the parties planned to complete it within thirty days of the October 23, 2024, status conference. Doc. 48 at 1. It stated that any renewed motions for extension would need to include the date certain on which the inspection would take place and more details on the remaining depositions that needed to be taken. *Id.* at 2. The parties filed an amended joint motion on February 27, 2025, providing more background information on the delays in this case and requesting the same extension. Doc. 49. However, the Court denied the amended motion because the parties had not provided a date certain on which the inspection would take place nor provided the necessary details regarding the remaining depositions that needed to be taken. Doc. 50.

The parties then requested a status conference with Judge Fashing, Doc. 53, which the Court set for April 17, 2025, Doc. 54. The Court held this status conference, but counsel for Ms. Dechaine did not attend. Docs. 59–61. The Court set a subsequent status conference for May 14, 2025, requiring the date certain of the inspection and the information about the remaining depositions. Doc. 63; Doc. 66. The day after this status conference took place, the Court issued an amended scheduling order setting Ms. Dechaine's Phase 2 expert disclosure deadline on August 28, 2025. Doc. 70 at 1.

On July 10, 2025, the parties again filed a joint motion to extend deadlines, including an extension of Ms. Dechaine's Phase 2 expert disclosure deadline to September 19, 2025. Doc. 78 at 2. The Court granted this extension. Doc. 79 (text-only entry).

Now, after extensions that moved Ms. Dechaine's Phase 2 expert disclosure deadline *nine months* from December 2024 to September 2025, Ms. Dechaine waited until *three weeks after* the passage of that deadline to move to extend it once again by simultaneously filing her disclosures and a motion for extension. Her explanation is that "coordination with both experts proved more difficult than anticipated, particularly because of the extent to which her medical conditions limit Ms. Dechaine's availability." Doc. 92 at 1. Ms. Dechaine's explanation for the delay is vague and inadequate. The "coordination with both experts" should have begun months ago, and there are no details from which the Court can glean why the coordination was exacerbated by Ms. Dechaine's medical condition. Ms. Dechaine's explanation also does not address why she waited until three weeks after the September 19, 2025, deadline had passed to request her extension.

Federal Rule of Civil Procedure 16(b)(4) states, "A schedule may be modified only for good cause and with the judge's consent." *See also* D.N.M.LR-Civ. 16.1 ("Modification of any deadline in the Court's scheduling orders, whether or not opposed, requires a showing of good cause and Court approval."). This standard requires the movant to "show the scheduling deadlines cannot be met despite the movant's diligent efforts." *Tesone v. Empire Marketing Strategies*, 942 F.3d 979, 990 (10th Cir. 2019) (citation omitted). Federal Rule of Civil Procedure 6(b)(1)(B) further requires Ms. Dechaine to show that she failed to move to extend the deadline before the expiration of the deadline because of excusable neglect. Ms. Dechaine has failed to show in her belated motion that she made diligent efforts to meet the scheduling deadlines, particularly given the months of extensions already granted due largely to Ms. Dechaine's health. Moreover, she has not even attempted to show that she failed to file her motion for an extension

3

by September 19, 2025, because of excusable neglect. Further extensions therefore are not appropriate.

    The Court DENIES Ms. Dechaine's motion for extension.

    It is so ordered.

_____
LAURA FASHING
UNITED STATES MAGISTRATE JUDGE

4